IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| RYAN WISDOM, | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
|---|---|
| Plaintiff, | |
| v. | |
| WAKEFIELD & ASSOCIATES, INC., | Case No: 2:16-cv-00303-DB |
| Defendant. | District Judge Dee Benson |

Before the Court is Defendant Wakefield & Associates, Inc.'s Motion to Dismiss. (Dkt. No. 4.) Defendant's Motion asks the Court to dismiss Plaintiff Ryan Wisdom's ("Wisdom") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at 2.) Having reviewed the parties' briefs and the relevant law, the Court renders the following Memorandum Decision and Order.[1]

## BACKGROUND

On April 14, 2016, Wisdom filed a complaint alleging that Defendant's debt collection practices violated the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. No. 2.) Wisdom's bare complaint contains the following factual allegations:

> Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.
>
> Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b, including sending a letter to Plaintiff's father's address about Plaintiff's debt that was opened by Plaintiff's father. Plaintiff has never lived at that address (§ 1692c(b)).

---

[1] Pursuant to DUCivR 7-1(f), the Court elects to determine Defendant's Motion to Dismiss on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

(*Id.* at ¶¶ 9–10.) Wisdom contends that, as a result of the Defendant's actions, "Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish[,] and severe emotional distress." (*Id.* at ¶ 10.)

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). The Court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 (2007). Furthermore, though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). As delineated in *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002), at the "substantive heart of the FDCPA lies in three broad prohibitions."

> First, a 'debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.' § 1692d. Second, a 'debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.' § 1692e. Third, a 'debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.' § 1692f.

*Id.* at 117. A violation of the FDCPA may result in civil liability or administrative enforcement by the Federal Trade Commission. 15 U.S.C. §§ 1692k, 1692*l*. To assert a civil claim under the FDCPA, the plaintiff must demonstrate that: (1) he or she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt is one for personal, family, or household purposes, 15 U.S.C. § 1692a(5); (3) defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated a provision of the FDCPA. *See Chung v. Lamb*, No. 14-CV-3244-WYD-KLM, 2016 WL 1028320, at *2 (D. Colo. Mar. 15, 2016).

Defendant does not dispute that Wisdom's complaint adequately pleads the first three elements of an FDCPA claim. (*See* Dkt. No. 4, p. 2–3.) However, Defendant asserts that Wisdom's complaint fails to plead a plausible substantive violation of the FDCPA. (*Id.*) Wisdom alleges that Defendant violated the FDCPA by sending a letter "about [Wisdom's] debt" to the address of Wisdom's father. (Dkt. No. 2, ¶ 10.)

Section 1692c(b) of the FDCPA prohibits a debt collector from communicating, "in connection with the collection of any debt, with any person other than the consumer." Section 1692b of the FDCPA provides several exceptions to § 1692c(b)'s third party communication prohibition. The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The FDCPA is a strict liability statute. *Martinez v. Johnson*, No. 2:11CV157-DN, 2013 WL 1031363, at *6–7 (D. Utah Mar. 14, 2013) (citing *Allen v. LaSalle Bank*, 629 F.3d 364, 368 (3d Cir. 2011)). Meaning, a plaintiff is not required to prove that a debt collector intended to communicate with a third party in violation of § 1692c(b). *See O'Connor v. Check Rite, Ltd.*, 973 F. Supp. 1010, 1020 (D. Colo. 1997). However, to assert violation of § 1692c(b), a plaintiff

3

is required to show that the debt collector engaged in a third party communication within the meaning of the FDCPA. *See Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177–78 (10th Cir. 2011) ("Because we find that the facsimile did not constitute a 'communication' within the ambit of the FDCPA, we need not consider whether [the debt collector] violated § 1692c(b)'s prohibition against debt-collector 'communicat[ions]' with third parties."). As outlined below, the Court finds that Wisdom has not demonstrated Defendant engaged in a prohibited FDCPA third party communication.

In *Strouse v. Enhanced Recovery Co.*, 956 F. Supp. 2d 627 (E.D. Pa. 2013), the plaintiff alleged that the debt collector violated the FDCPA's prohibition on third party communications by sending various letters to her parent's home. *Id.* at 634–35. On January 6, 2012, the defendant sent a letter addressed to the plaintiff to the house of plaintiff's parents where the plaintiff had not resided since April 2010. *Id.* at 630. The plaintiff's attorney responded by sending a letter to the defendant disputing the validity of the defendant's claims. *Id.* Furthermore, the plaintiff's attorney instructed the defendant to direct all future contact with the plaintiff to counsel. *Id.* Subsequently, on two occasions, the defendant sent letters addressed to the plaintiff to the home of the plaintiff's parents. *Id.* at 630–31.

The defendant argued that the letters sent to plaintiff's parents were not a third party communications because each letter was addressed to the plaintiff. *Id.* at 634. The court agreed, finding, "[d]efendant did not leave messages on an answering machine and did not attempt to communicate with [p]laintiff's parents or any other person (aside from [p]laintiff's counsel) directly." *Id.* Rather, the court found, "[d]efendant addressed all its communications to either [the plaintiff,] 'Aliissa Strouse' or counsel" and the plaintiff had not "alleged that either of her parents is named Aliissa Strouse." *Id.*

4

Similarly, in *Peak v. Prof. Credit Serv.*, No. 6:14-cv-01856, 2015 WL 7862774 (D. Or. Dec. 2, 2015), the plaintiff claimed the defendant violated the FDCPA by leaving a voicemail which was heard by the plaintiff's boyfriend who was sharing a cellphone with the plaintiff at the time. *Id.* at *1. The outgoing message only identified the plaintiff and the plaintiff had earlier confirmed with the defendant that the cell phone number was the best method to contact to her. *Id.* Additionally, plaintiff claimed the defendant violated the FDCPA when her employer overheard the plaintiff listening to a voicemail from the defendant. *Id.* at *2. The defendant argued "the voicemail messages were not communications 'with' third parties because it had no reason to suspect anyone else would listen to the messages." *Id.* at *5. The court recognized that the FDCPA is a strict liability statute and that courts have "uniformly rejected" the notion that the FDCPA requires a plaintiff to show any intent to violate the Act. *Id.* However, the court agreed with the defendant that "a communication is only 'with' a third party under section 1692c(b) if the debt collector knows or should reasonably anticipate the communication will be heard or seen by a third party." *Id.* The court recognized:

> [n]o matter how careful a debt collector is, there is always some risk a third party will intercept the communication. An identity thief might open mail addressed to a consumer and sent to the consumer's home, even if that mail is marked 'confidential.' A family member might quietly pick up the phone and listen to a seemingly private conversation.

*Id.* The court, applying this standard, found "it was reasonable for defendant to believe it was leaving a message that would be heard only by plaintiff. The messages thus were not communications 'with' third parties under section 1692c(b)." *Id.* at *6.[2]

---

[2] The *Strouse* and *Peak* courts disposed of the plaintiffs' FDCPA claims on motions for summary judgment. *Strouse*, 956 F. Supp. 2d at 630; *Peak*, 2015 WL 7862774 at *6. However, *Strouse* and *Peak* are instructive as to the definition of a third party communication under the FDCPA and, in turn, what level of pleading the FDCPA demands to show a substantive violation of § 1692c(b).

Like *Strouse* and *Peak*, the Court finds that Wisdom has failed to plausibly allege that the Defendant engaged in a prohibited FDCPA third party communication. There are no allegations before the Court that the Defendant attempted to communicate with a third party about Wisdom's debt. Defendant sent a letter, presumably addressed to Wisdom,[3] to the home of Wisdom's father. The father opened the letter and discovered Wisdom's debt. There are no allegations that the Defendant addressed the letter to Wisdom's father or that Wisdom shares his name with his father. Accordingly, there is no factual basis to conclude that Defendant engaged in an improper third party communication in violation of § 1692c(b).

## CONCLUSION

The Court finds that Wisdom has failed to state a plausible claim for relief under the FDCPA. Accordingly, Defendant's Motion to Dismiss (Dkt. No. 4) is GRANTED.

Dated: July 11, 2016.

BY THE COURT:

_Dee Benson_
Dee Benson
United States District Judge

---

[3] The complaint does not allege who the letter was addressed to. (*See* Dkt. No. 2, ¶¶ 9–10.) Defendant proffers that the letter was addressed to Wisdom. (Dkt. No. 4, p. 1, ¶ 1.)